DÍAZ ET AL., PETITIONERS AND APPELLEES, *v.* CIVIDANES, CONTESTANT AND APPELLANT.

APPEAL from the District Court of Guayama in Proceedings for Judicial Administraton.

No. 1399.—Decided May 16, 1916.

ADMINISTRATION—APPOINTMENT OF ADMINISTRATOR—SURVIVING SPOUSE—PREFERENCE—CONSTRUCTION OF LAW—ABSENCE—WIDOW.—Although the wording of section 31 of the Special Legal Proceedings Act is somewhat vague, it must be held that it gives the surviving spouse a preference regarding appointment as administrator, which preference is not only in harmony with the Spanish precedents, but also with English and American jurisprudence as well as with the provisions of sections 94 and 932 of the Civil Code relating to the provisional measures to be taken in case of absence and to the precautions to be adopted when the widow is left pregnant.

ID. — PREFERENCE — SURVIVING SPOUSE — RELATIONS WITH OTHER HEIRS — SECURITY—SUPERVISION.—The preference in favor of the surviving spouse is not so absolute that it should always prevail when there are powerful reasons which make it necessary to appoint another person as administrator; but the mere probability of dissensions with the other heirs is not sufficient to exclude as administrator the surviving spouse whose capacity and

integrity have been admitted and whose administration would be guaranteed also by the security to be given, the accounts to be rendered and the supervision of his acts by the court which appointed him.

The facts are stated in the opinion.

*Messrs. Tomás Bernardini de la Huerta* and *Jorge V. Domínguez* for the petitioners.

*Messrs. Miguel Zavaleta, C. Domínguez Rubio* and *Eduardo Acuña* for the contestant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is a case involving judicial administration of property.

On May 18, 1915, María Hortensia, María Isolina and Pastor Díaz y Molinaris filed a petition, sworn to by the last-named, in the District Court of Guayama, praying for the appointment of an administrator of the estate of Rufina Molinaris, the mother of the petitioners, who died intestate on July 3, 1914. A certificate of the death of the said Rufina Molinaris accompanied the petition.

On May 20, 1915, the court allowed Pastor Díaz to withdraw as one of the petitioners. On the same day the court ordered that the surviving spouse, the heirs of the deceased and the creditors of her estate be summoned to appear at a council to be held on the 26th of the same month to consider the matter.

On the said day the petitioners, the surviving spouse and the other heir, Pastor Díaz, appeared by their respective attorneys. According to the petition the said persons are the only heirs of Rufina Molinaris. The petition was read and Pastor Díaz stated that he had no objection to the granting of the administration as solicited. The surviving spouse by his attorney admitted that the allegations in the petition were true and stated that he would oppose the administration unless he were named as administrator.

Based on the foregoing, on said May 26, 1915, the court ruled that "as there appeared to be sufficient reasons why the court should not exercise its discretion by appointing the

surviving spouse or any of those interested in the estate,''
it would name Rafael Palés Díaz as administrator upon his
furnishing a bond in the sum of $15,000.

On May 28, Cividanes, the surviving spouse, moved the
court to reconsider its order of the 26th. The court sus-
pended the said order and on June 8, 1915, the same parties
again appeared before it, when the case was discussed and
certain evidence examined. Finally, on June 9, 1915, the
court confirmed its previous decision and Cividanes took the
present appeal from that ruling.

For the purpose of setting out clearly the range of the
question to be considered in the appeal, we will quote the
decision appealed from in so far as it may be pertinent.
After stating the facts the trial judge expressed himself as
follows:

"Before going into the question of fact we will consider the ques-
tion of law raised by counsel for Cividanes to the effect that, according
to section 31 of the Special Legal Proceedings Act, the court must
appoint the surviving spouse. This section reads as follows:

" 'On the day and at the hour designated in the summons and
after hearing the parties who may have appeared, personally (or)
by their counsel, the judge shall appoint an administrator. (a) He
may appoint the surviving spouse if he have the necessary capacity
to discharge the duties of administrator; (b) he may appoint the
person having the greatest interest in the inheritance or estate if
he have the necessary capacity to discharge the duties of administra-
tor; (c) and if he have not (neither one nor the other) or if all
are equally interested; (d) or objections be made to such appoint-
ment (after it is made), the judge shall appoint a stranger of recog-
nized integrity and capacity.'

"For a better understanding of this section we have analyzed
it by separating its different parts so as to ascertain exactly the
intention of the legislators. There is no doubt that the lawmakers
intended that the appointment of a person to discharge duties which
are necessarily the continuation of the faculty of the court, delegated
to him for the administration of the estate, should be left to the dis-
cretion and sound judgment of the court. It will be seen that the
said section empowers the judge to appoint the surviving spouse

or the person having the greatest interest in the inheritance or estate
if, in the opinion of the court, he has the necessary capacity for the
discharge of the duties of administrator; but a case may arise where
such capacity is lacking and it will be noted that the statute is worded
in the singular number, referring therefore to a single administrator,
or if all be equally interested—meaning the persons who compose the
succession—or if the court appoint the surviving spouse or the per-
son having the greatest interest in the estate and objections be made
to such appointment, the judge shall appoint a stranger of recognized
integrity and capacity. Hence, in appointing the administrator the
court should consider all the conditions of the persons enumerated
in the statute. And this is only natural inasmuch as the court,
which has to intervene in the administration, is in closer contact with
the parties, is necessarily in a better position to know the relations
existing among the different heirs and is better able to judge of the
qualifications of the person who can best discharge the duties of ad-
ministrator.

"It is obvious from the evidence that the capacity of Cividanes
to act as administrator is unquestionable, but notwithstanding this
fact the court should not appoint him because his relations with
the heirs and co-owners are such that dissensions would arise to inter-
fere with the proper progress of the administration and the efficacy
of the proceedings and orders of the court. The person having the
greatest interest in the estate is a woman and cannot be appointed
because it would be impossible for her to discharge the duties re-
quired. As the candidate proposed by the heirs of Rufina Molinaris,
or the petitioners in this proceeding, merits the absolute confidence
of the court and is a person of recognized integrity with the capacity
to discharge the duties of the administration, the ruling of the court
is that it should and does appoint Rafael Palés Díaz as judicial ad-
ministrator of the estate of Rufina Molinaris, under the same condi-
tions, obligations and security set out in the order of this court of
May 26, 1915."

Seven errors are assigned by the appellant in his brief.
We think it will be sufficient to consider and decide only one
of them, namely, that referring to whether the surviving
spouse should have been appointed administrator in this case.

The statute applicable is that cited by the trial judge, or
section 31 of the Special Legal Proceedings Act, which literally
reads as follows:

"On the day and hour designated in the summons the judge after hearing, in person or by their counsel, the parties who appear, shall appoint an administrator: The judge may appoint the surviving spouse, or the party having the largest interest in the inheritance or in the estate, if he or she have the necessary capacity for the discharge of the the the duties of administrator, or if such capacity be wanting, or if the interest of all be equal, or objections be made to such appointment, the judge shall appoint a stranger of well-known integrity and capacity."

In order to construe the said section in a proper manner, we should first study its precedents. In treating of the rules governing testamentary proceedings in his Dictionary of Law and Jurisprudence (ed. of 1876) Escriche expresses himself as follows:

"3. The surviving spouse shall be named administrator, or, if none, the person having the greatest interest in the estate, if in the opinion of the judge he has the necessary capacity to act as such. (Although from its wording this rule appears to refer only to the heirs as regards the incapacity to administer, it is the opinion of some commentators that it is also applicable to the surviving spouse, and that the lack of such capacity is a bar to his appointment as administrator. Others are of the opinion that, although incapacitated, the surviving spouse should be appointed and in such a case be represented by a curator.)" IV Escriche, 1085.

In treating of intestate proceedings, article 975 of the Law of Civil Procedure for Cuba and Porto Rico of 1885 provides as follows:

"In such cases, should there be a surviving spouse who was cohabiting with the deceased at the time of death, the same shall be appointed depositary-administrator, and as soon as an inventory of the property has been made, it shall be delivered to said depositary-administrator as such, removing the seals and locks as delivery is made.

"No bond shall be required when, in the judgment of the judge, the said depository-administrator has sufficient property of his or her own to guarantee that which does not belong to him or her. Otherwise he or she must furnish security in such sum as the judge may fix.

"If there be no surviving spouse with legal capacity to administer the property, this office shall be given to another person, and the provisions of articles 966 and 967 shall be observed." (War Department translation.)

In commenting upon article 976 of the Spanish Law of Civil Procedure, which is the same as article 975 of the law for Cuba and Porto Rico, Manresa says:

"We think there is no doubt that the provisions of article 976 should be applied to these cases also, so that whether the appointment of an administrator be made on petition of a party or by the court motu proprio, whenever there is a surviving spouse who had not been separated from the deceased, he should be appointed administrator of the estate." IV Manresa on Civil Procedure, 307.

It cannot be denied that the wording of section 31 of the Special Legal Proceedings Act is somewhat vague, but a careful examination of the same shows that it gives the surviving spouse a preference regarding appointment as administrator.

That preference is not only in harmony with the Spanish precedents which we have cited, but also with American and English jurisprudence to be found collected in Ruling Case Law under "Priorities in Right of Administration." See 11 R. C. L. 34 *et seq.* Besides, it is in harmony with the provisions of the present Civil Code relating to the provisional measures to be taken in case of absence and to the precautions to be adopted when the widow is left pregnant. See sections 94 and 932 of the Revised Civil Code.

Of course, in recognizing the preference in favor of the surviving spouse we do not consider that it is so absolute that it should always prevail, for there might be cases in which powerful reasons would make it necessary to appoint another person as administrator.

In its decision the District Court of Guayama states that the capacity of the surviving husband in this case cannot be questioned, but notwithstanding that fact it concludes that he should not be appointed administrator because his rela-

tions with the heirs were such as to give rise to dissensions which would interfere with the proper progress of the administration.

The evidence showed that the friendly relations between the children of the first marriage of Rufina Molinaris—that is, the petitioners and Pastor Díaz—and the surviving husband of the second marriage, Cividanes, were not good and that there had been disagreements and quarrels about some cattle belonging to the estate which the said children thought should be removed from the property where, they claimed, the cattle would starve on account of the drought, and the surviving husband contended that the cattle should remain there.

As to the quarrels, they were said to have arisen in the dispute about the cattle and about the legal proceedings taken by the heirs for the administration of the estate, but nothing definite was stated to show that any serious question was involved which might incapacitate the surviving husband from discharging the duties of administrator. Nor was it shown in any way that the fears of the heirs as to the risk to which they claimed the surviving husband subjected the cattle under his charge were well founded.

From the reasonings of the opinion of the trial judge it may be observed that he acted under the impression that his discretion was absolute in a case of this kind. He did not recognize the evident preference in favor of the surviving spouse which we have pointed out. In this way it is seen how he deemed the objections sufficient. In our opinion they are not, because they were mere probabilities of dissensions and obstacles insufficient to exclude as administrator the surviving husband whose capacity and integrity were admitted by the court itself and whose administration would be guaranteed also by the security to be given, the accounts to be rendered and the supervision of his acts by the court which appointed him.

Having reached the foregoing conclusion, the decision

appealed from falls of its own weight. Therefore, the order appealed from should be reversed and the case remanded to the lower court for further proceedings in accordance with the principles laid down in this opinion.

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.